UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAULA ANN GLOVER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:03-CV-1451-SEB-VSS |
| | ) | |
| LINDA WORSHAM and BIL MATTHYSSE d/b/a LINBIL, LLC d/b/a FOUR HOUNDS HAVEN AND CATTERY, | ) ) ) ) | |
|     Defendant. | ) | |

**ORDER TO SHOW CAUSE, DENYING DEFENDANTS' MOTION FOR SANCTIONS, REMOVING REMAINING PENDING MOTIONS, AND CLOSING CASE.**

A.   *Order to Show Cause.*

The parties' briefing on summary judgment has raised serious questions as to whether the court has proper jurisdiction over Plaintiff's complaint.  Therefore, pursuant to Fed.R.Civ.Pro. 12(h)(3), we hereby order the Defendants to SHOW CAUSE on or before October 29, 2005, why this action should not be remanded.[1]

This is not the first time we have expressed doubts regarding federal jurisdiction in this case.  In the Order Denying Plaintiff's Motion to Reconsider Removal, dated December 19, 2003, we directed:

> the parties are hereby **ORDERED** within 30 days of the date of this entry to supplement their filings, either through an amendment to

---

[1] Fed.R.Civ.Pro. 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

> Plaintiff's complaint or in a motion to dismiss filed by Defendants, in order to provide the court with a fully developed jurisdictional allegation/argument that makes clear the basis of our power to resolve the issues raised in the complaint.

Within the prescribed thirty-days period, Plaintiff filed an Amended Complaint containing the following allegation:

> The Plaintiff alleges that there is not a substantial "federal question" or "contested interpretation of federal law" that pursuant to 26 U.S.C.A. §§ 3111(a), 3301, 3401(d)(1) would confer jurisdiction upon the United States District Court.

Am. Compl. ¶ 2.  In their Answer, Defendants responded as follows:

> Four Hounds states that paragraph 2 of the Complaint states conclusions of law as to which no response is required.  Further, a plaintiff may not divest a federal court of jurisdiction following removal by attempting to amend the plaintiff's complaint to remove the basis for federal jurisdiction.  *See Gossmeyer v. McDonald*, 128 F.3d 481, 487-88 (7th Cir. 1997).  To the extent that any allegations are set forth in paragraph 2 of the Complaint as to which a response is required, such allegations are denied.

Answer and Affirmative Defensnse to Am. Compl., ¶ 2.  Defendants did not file a motion to dismiss, as invited by the Court.

Since our December 2003 Order, the parties together have filed the following: two motions for summary judgment, a motion for sanctions, two discovery-related motions, and their respective briefs in support and in opposition to said motions.  Despite this barrage of activity, the parties have, as yet, failed to brief the federal jurisdiction issue as previously ordered by the Court.  So, we repeat here our request for "a fully developed jurisdictional allegation/argument that makes clear the basis of our power to resolve the

issues raised in the complaint."

From our review of the docket, it appears that Plaintiff has consistently maintained that her complaint raises only state law causes of action and, therefore, does not belong in federal court.  See, e.g., Pl.'s Mot. to Recons. Removal; Pl.'s Am. Compl.  However, after filing a Motion to Reconsider Removal, Plaintiff failed to file a reply briefing rebutting Defendants' factual and legal assertions supporting federal jurisdiction.

Defendants, for their part, have, until recently, staunchly maintained that Plaintiff's Complaint arises under federal law.  See, e.g., Notice of Removal; Defs.' Resp. to Mot. for Recons. of Removal.  However, in their briefing on summary judgment, Defendants now appear to agree with Plaintiff that this litigation does raise any questions of federal law.  See Defs.' Mot. for Summ. J. (addressing only state law causes of action); Defs.' Reply Brief in Supp. of Summ. J. at 2-3 (stating: "Plaintiff concedes in her response that she has asserted only two claims against Linda Worsham and Bill Matthysse: 'either 1) Theft entitling plaintiff to  treble damages and attorney's fees pursuant to IC 34-24-3-1; or, 2) Wage Payment violations entitling plaintiff to treble damages and attorney's fees pursuant to IC 22-2-5-2.' " (quoting Pl.'s Resp. Brief at 3)).

Assuming the parties are actually in agreement that Plaintiff has raised no federal law causes of action in her amended complaint, we shall remand this action to state court, pursuant to Fed.R.Civ.Pro. 12(h)(3).  Accordingly, the parties are hereby ORDERED to SHOW CAUSE on or before October 29, 2005, why this action should not be remanded, pursuant to Fed.R.Civ.Pro. 12(h)(3), for lack of federal jurisdiction.  **FAILURE TO**

**RESPOND TO THIS ORDER IN WRITING ON OR BEFORE OCTOBER 29, 2005, WILL RESULT IN THE REMAND OF THIS CASE TO THE HOWARD SUPERIOR COURT.**

    B.    *Denial and Removal of Remaining Pending Motions*.

We note that this case has been needlessly prolonged and complicated by the poor quality of submissions by both sides and the disappointing lack of clarity contained in their respective briefs. Because we conclude that both parties share blame for the excessive, protracted briefing that has occurred in this litigation, Defendants' Motion for Sanctions pursuant to Fed.R.Civ.Pro. 11(c)(1)(A) is **DENIED**. The remaining motions (Dkt. 36, 46, 51, and 52) still pending on the Court's docket cannot be ruled upon and likely will be moot based on the response to this order to show cause. Accordingly, they shall be administratively closed and thereby are **REMOVED** from the Court's statistical record. If the Court should determine that federal jurisdiction exists over this litigation, the motions will be reinstated upon the request of any party within thirty (30) days of the Court's notice to the parties to that effect. IT IS SO ORDERED.

Date: 09/30/2005

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copy to:

William Bock III
KROGER GARDIS & REGAS
wb@kgrlaw.com

Dan J. May
MAY LAW OFFICE
danjmayattorney@sbcglobal.net

Erik Joseph May
erikjmayattorney@sbcglobal.net